# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NOTTINGHAM, | No. 4:18-CV-02002 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Mehalchick) |
| PA ATTORNEY GENERAL, | |
| Respondent. | |

## ORDER

### AUGUST 31, 2020

James E. Nottingham, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentences.[1] In June 2020, Magistrate Judge Karoline Mehalchick issued a Report and Recommendation recommending that this Court deny Nottingham's petition on the ground that he failed to exhaust his state court remedies.[2] Magistrate Judge Mehalchick further recommends denying as moot Nottingham's remaining motions pending at that time.[3] Nottingham filed timely objections to the Report and Recommendation.[4]

---

[1] Doc. 1.
[2] Doc. 108.
[3] *Id.*
[4] Doc. 110.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[5] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[6] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[7]

Nottingham's objections are non-specific, and he does not challenge the basis of Magistrate Judge Mehalchick's recommendation—that the petition be denied because Nottingham failed to exhaust his state court remedies.[8] Magistrate Judge Mehalchick's recommendations are therefore properly reviewed only for clear error.[9] Nevertheless, even reviewing the recommendations de novo, the Court finds no error in Magistrate Judge Mehalchick's conclusions that Nottingham failed to exhaust his administrative remedies as to any of the claims raised in his § 2254

---

[5] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[6] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[8] *See* Doc. 110.

[9] *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (noting that "district courts [must] review . . . objections de novo unless the objection is not timely or not specific" (internal quotation marks omitted)).

petition and that his remaining motions are moot. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 108) is **ADOPTED**;

2. Nottingham's 28 U.S.C. § 2254 petition is **DENIED**;

3. The Court declines to issue a certificate of appealability;[10]

4. Nottingham's motions for summary judgment (Doc. 76), for production of forensic DNA testing (Doc. 78), for default judgment (Doc. 80), for service of subpoenas (Doc. 89), to compel (Doc. 105), for summary judgment (Doc. 106), to amend/correct (Doc. 111), for summary judgment (Doc. 112), for summary judgment (Doc. 114), challenging the service of legal documents (Doc. 115), and for release (Doc. 116), are **DENIED** as moot; and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[10] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).