## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. NOTTINGHAM,

        Petitioner,

        v.

PA ATTORNEY GENERAL,

        Respondent.

No. 4:18-CV-02002

(Chief Judge Brann)

### MEMORANDUM & ORDER

#### MARCH 18, 2025

Now pending before the Court is habeas petitioner James E. Nottingham's motion for relief from a final judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(4).[1] Nottingham has not identified anything that would entitle him to such relief, and his motion is therefore **DENIED**.

## I.    BACKGROUND

James Nottingham is a prisoner in the Commonwealth of Pennsylvania. On July 13, 2015, he allegedly physically assaulted several people and threatened to kill them while shooting a shotgun inside his home.[2] He was convicted of eight charges stemming from that incident and received two sentences to run consecutively: a five to ten year sentence on a count of Persons Not to Possess a Firearm, and a three to

---

[1]    Doc. 175 (Mot. for Relief).
[2]    Doc. 108 (R&R) at 1.

six year aggregate sentence on the remaining seven counts.[3] After he was convicted, the Commonwealth charged Nottingham with perjury because he admitted he had possessed the firearm at his first trial but denied it at his second.[4] Nottingham was convicted of the perjury charge and sentenced to an additional one to five years consecutive.[5] He unsuccessfully appealed various aspects of those convictions in the Pennsylvania courts.[6]

On October 16, 2018, Nottingham filed his federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[7] He named President Judge Nancy Butts and Senior Judge Richard Gray of the Pennsylvania Court of Common Pleas of Lycoming County as defendants, along with the Attorney General of Pennsylvania.[8] On December 30, 2019, the Court dismissed Judges Butts and Gray as improper defendants.[9] The Lycoming County District Attorney's Office, acting on behalf of the Attorney General, opposed issuance of the writ.[10]

On June 30, 2020, then-Magistrate now-District Judge Karoline Mehalchick filed a Report & Recommendation ("R&R") advising that Nottingham's petition for a writ of habeas corpus should be denied for failure to exhaust state remedies.[11] On

---

3   *Id.* at 2.
4   *Id.*
5   *Id.*
6   *Id.* at 2-3.
7   Doc. 1 (Habeas Petition).
8   *Id.*
9   Doc. 67 (Order Adopting R&R).
10  Doc. 88 (Opp'n).
11  Doc. 108.

August 31, 2020, I adopted Judge Mehalchick's R&R, denied Nottingham's petition and extraneous motions, and directed the Clerk to close this case.[12] Nottingham appealed that decision,[13] and the United States Court of Appeals for the Third Circuit declined to issue a certificate of appealability.[14]

After several years of filing motions that are not cognizable after a case has been closed pursuant to a final judgment, Nottingham filed a document entitled "Rule to Show Cause" on October 23, 2024.[15] Because of its formatting, which appears in part to be a draft legal opinion, the document was not docketed as a formal motion. However, on November 25, 2024, Nottingham filed a document entitled "Petitioner Rule 60(b) Motion for Relief and Release as a Matter of Law," which referred back to his "Rule to Show Cause Motion" and argued that the Attorney General's failure to respond to that motion meant that it should be granted.[16] On December 4, 2024, Nottingham filed a "Motion for Default Judgment" formally asking that his "Rule 60(b) Motion for Relief and Release as a Matter of Law; Notice to Plead; Rule to Show Cause; and Affidavit" be granted because of the Attorney

---

[12]  Doc. 118 (Order Adopting R&R).
[13]  Doc. 121 (First Notice of Appeal).
[14]  Doc. 139 (Order of USCA).
[15]  Doc. 175 (Mot.).
[16]  Doc. 177 (Notice of Intent to Move for Default).

General's failure to respond.[17] Thus, it appears that Nottingham's current legal position is set forth in the "Rule to Show Cause" document.[18]

In his "Rule to Show Cause," Nottingham cites Federal Rule of Civil Procedure 60(b)(4) and asks to "Strike default Judgment of June 30, 2020."[19] He also includes a LexisNexis citation to Judge Mehalchick's R&R. As best the Court can make out, Nottingham appears to be arguing that the R&R should be reopened and rejected based on the validity of his original conviction. Nottingham contends that his conviction should be reversed for two reasons: (1) because the Pennsylvania judges did not serve him process and therefore did not have jurisdiction; and (2) the evidence was insufficient to convict him, as he believes was confirmed by the Attorney General's inability to produce certain records related to his cases pursuant to a recent Pennsylvania Right-to-Know Law ("RTKL") request.[20]

## II.    LEGAL STANDARD

When a Rule 60(b) motion is asserted in a habeas case, the Court must closely scrutinize the basis of the motion to determine whether it contains a habeas "claim,"

---

[17]    Doc. 178 (Mot. for Default Judgment). The Attorney General's non-response is due to Nottingham's failure to clearly label his filings and does not entitle him to default relief. Nottingham's motion for Default Judgment is baseless and **DENIED**.

[18]    Nottingham appealed all of these motions without a decision. Doc. 180 (Notice of Appeal). A litigant may not directly appeal a court's inaction, *cf.* 28 U.S.C. §§ 1291, 1292; he must instead seek a writ of mandamus requiring the lower court to rule, and he can then appeal if the ruling is adverse. *See In re Robinson*, 336 F. App'x 171, 172 (3d Cir. 2009) (per curiam). Accordingly, I retain jurisdiction. *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).

[19]    Doc. 175 at 1.

[20]    *Id.* at 2-3 (describing RTKL ruling and noting that "Nottingham was never served by Judge Gray or Butts in the state court).

meaning a "federal basis for relief from a state court's judgment of conviction."[21] If it does, the Court must treat it as a second or successive habeas petition; to do otherwise would permit prisoners to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."[22] Rule 60(b) motions "that seek[] to add a new ground for relief" or that "attack[] the federal court's previous resolution of a claim on the merits" qualify as habeas applications subject to the second or successive rules, while motions that challenge "some defect in the integrity of the federal habeas proceedings" or that "assert[] that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" may be considered on their own terms.[23]

Federal Rule of Civil Procedure 60(b)(4) permits a court to "relieve a party . . . from a final judgment" when "the judgment is void."[24] A judgment is void in the Rule 60(b)(4) sense in a narrow set of circumstances.[25] The Rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the

---

[21] *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).
[22] *Id.* at 531 (citing 28 U.S.C. § 2244(b)(2)).
[23] *Id.* at 532 & n.4.
[24] Fed. R. Civ. P. 60(b)(4).
[25] *See United Student Aid Funds v. Espinosa*, 559 U.S. 260, 270 (2010).

opportunity to be heard."[26] A final judgment is "void" for want of jurisdiction only if "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."[27] And a due process violation must have prevented the movant from learning "of the pendency of the action" or denied him "an opportunity to present [his] objections."[28]

## III.  DISCUSSION

As noted, it appears that Nottingham's primary arguments in the current motions call into question the legitimacy of his state court conviction.[29] These arguments are attempts to add new grounds for habeas relief and are therefore new habeas claims which are subject to the limitations on second or successive habeas petitions. Nottingham has not procured an authorization to file such a petition from the Third Circuit, and the Court will not consider those claims.[30]

To the extent Nottingham takes issue with Judge Mehalchick's R&R and my adoption thereof, he does raise a cognizable Rule 60(b) motion because the basis of the denial was a failure to exhaust.[31] But he has not identified a basis for Rule

---

[26]  *Id.* at 271 (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)).

[27]  *Id.* (citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

[28]  *Id.* at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[29]  Doc. 175 at 2-3; Doc. 176 (Affidavit) at 1-2 (discussing RTKL decision and stating "if the search and arrest warrants did not exist . . . that they would be illegal and void by false charges and orders"; stating that "petitioner was never served with proper service in the state court"; and arguing that the Pennsylvania judges should have remained in the case "for failure . . . to obtain jurisdiction in the state court").

[30]  28 U.S.C. § 2244(b)(3).

[31]  *See Gonzalez*, 545 U.S. at 532 n.4.

60(b)(4) relief. The prior ruling in this case was not afflicted by a jurisdictional error or due process violation.

First, Nottingham himself filed his habeas petition in this Court,[32] he is incarcerated at SCI Camp Hill, which is located comfortably within the Middle District of Pennsylvania,[33] and he continues to correctly state that "[t]his Honorable Court has jurisdiction under 28 U.S.C. § 2254(a)."[34] There is no question that jurisdiction is *proper*, let alone without even an "arguable basis."[35]

Second, Nottingham not only had notice of the Attorney General's opposition to his habeas petition and Judge Mehalchick's R&R, he filed more than a dozen documents between the submission of the Attorney's General's answer and the R&R, and nine more between the docketing of the R&R and the Order accepting it.[36] One of those documents opened with: "And now comes the pro se petitioner, James E. Nottingham, and files in this Honorable Court the objection to the Report and Recommendation dated June 30, 2020."[37] It is thus beyond dispute that there was no due process violation in the adoption of the R&R.

Finally, Nottingham adverts to two other legal points with no analytical development. First, he cites *McCleskey v. Zant* in an apparent argument that the

---

[32] Doc. 1.
[33] *See, e.g.*, Doc. 175 (listing a return address as SCI Camp Hill).
[34] *Id.* at 1.
[35] *United Student Aid Funds*, 559 U.S. at 271.
[36] *See* Docs. 88-118.
[37] Doc. 110 (Objection to R&R).

procedural default findings in the R&R should be excused either because there is good cause for his failure to present his claims in Pennsylvania court and he has suffered prejudice from it, or because precluding him from presenting his claims would result in a "fundamental miscarriage of justice."[38] Putting aside whether this argument is cognizable on a Rule 60 motion limited to subsection (b)(4), Nottingham has provided no evidence to show good cause for his failure to raise the issues in his original habeas claims in the state proceedings. He has not shown that officials' interference precluded him from asserting the claims at issue in the R&R,[39] nor that he lacked the factual or legal basis for asserting those claims on state review.[40] Nottingham has also not provided any ground for concluding that he is actually innocent.[41] The Attorney General's response to Nottingham's RTKL request provides no new evidence to support either excuse; that office was unable to produce records because it is simply not the custodian of the relevant files.[42] To the extent he attempts to employ the RTKL response to support his *new* habeas claims, he must obtain authorization from the Third Circuit to do so.[43]

---

[38] *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).
[39] *Id.* at 493-94 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[40] *Id.* (quoting *Murray*, 477 U.S. at 488).
[41] *Id.* (citing *Murray*, 477 U.S. at 485).
[42] Doc. 177-2 (*Nottingham v. Off. of Att'y Gen.*, No. 975 (Pa. Cmmw. Ct. Sept. 19, 2024)) at 2 (RTKL response noting that "Lycoming County may possess the sought-after records").
[43] 28 U.S.C. § 2244(b)(3).

Additionally, Nottingham states in several locations that Judge Mehalchick and I should be recused from this matter.[44] His only support is the fact that we have ruled against him. "[A] party's displeasure with legal rulings does not form an adequate basis for recusal."[45] Nottingham's request for recusal is without merit.

There is no basis for declaring either the R&R or the Order adopting it void under Rule 60(b)(4), and Nottingham's other legal positions are invalid. His motion for relief from a final judgment and other related motions are **DENIED**.


BY THE COURT:


<u>*s/ Matthew W. Brann*</u>
Matthew W. Brann
Chief United States District Judge

---

[44]    Doc. 175 at 1; Doc. 176 at 2; Doc. 180.
[45]    *Wharton v. Superintendent Graterford SCI*, 95 F.4th 113, 126 (3d Cir. 2024) (quoting *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)).